**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

**ROVER PIPELINE LLC,**

                    Plaintiff,

    **v.**

                                        **Civil Action No. 1:18-cv-00097**
                                        **Judge Bailey**

**ROVER TRACT NO(S). WV-DO-SHC-021.220-ROW**
**AND WV-DO-SHC-022.000-ROW, MICHAEL HEADLEY,**
**SHERIFF OF DODDRIDGE COUNTY, WEST VIRGINIA,**
**JOHN B. MCCUSKEY, WEST VIRGINIA STATE AUDITOR,**
**APPALACHIAN ROYALTIES, INC., RUSSELL D. JONES,**
**CO-TRUSTEE OF THE RUSSELL D. JONES AND**
**NANCY J. JONES REVOCABLE TRUST, NANCY J. JONES,**
**CO-TRUSTEE OF THE RUSSELL D. JONES AND**
**NANCY J. JONES REVOCABLE TRUST, CARL A. SMITH,**
**ROBERT E. SWART, BARBARA HOOK,**
**STEVEN L. SWART, AGNES E. POE A/K/A**
**AGNES ELIZABETH POE, THE HEIRS, SUCCESSORS,**
**AND ASSIGNS OF MARTHA BOCK, PAMELA HELLYER,**
**AND UNKNOWN OWNERS,**

                    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO**
**JUST COMPENSATION, GRANTING EASEMENTS, DIRECTING**
**PAYMENT OF JUST COMPENSATION, AND RELEASING EXCESS CASH DEPOSIT**

Presently pending before this Court is Plaintiff's Motion for Summary Judgment as

to Just Compensation Owed to Remaining Defendants [Doc. 15], filed November 20,

2020. Because the time for responses has closed, this matter is now ripe for decision.

For the reasons set forth below, this Court will grant Plaintiff's Motion for Summary

Judgment.

1

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

## DISCUSSION

On February 3, 2017, Plaintiff filed its Verified Complaint for Condemnation [Civil Action No. 1:17-CV-16, Doc. 2], seeking an order of condemnation for permanent pipeline, temporary workspace, surface site, permanent and temporary road access, and/or other rights-of-way and easements, which it subsequently amended on February 23, 2017 [Civil Action No. 1:17-CV-16, Doc. 49]. On February 7, 2017, Plaintiff filed its Motion for Partial Summary Judgment and Immediate Access and Possession of Easements to be Condemned [Civil Action No. 1:17-CV-16, Doc. 25], seeking immediate access and possession to the easements described in its complaint. On February 23, 2017, Rover filed its Supplement to Motion for Partial Summary Judgment to incorporate the easements added in its February 23, 2017 Amended Verified Complaint in Condemnation [Civil Action No. 1:17-CV-16, Doc. 64]. On March 3, 2017, this Court entered its Order Granting Rover Pipeline LLC's Motion for Partial Summary Judgment and Immediate Access and Possession of Temporary Easements to be Condemned [Civil Action No. 1:17-CV-16, Doc. 355], confirming Plaintiff's right to condemn and permitting Plaintiff to immediately access and possess the easements while the issue of just compensation was determined.

Pursuant to the Court's March 3, 2017 order, Plaintiff deposited $7,000.00 for the subject easements with the Court. *See* [Civil Action No. 1:17-CV-16, Doc. 356]. The March 3, 2017 order provided that the Remaining Defendants were "entitled to draw from the funds deposited by [Plaintiff] with the Clerk of the Court [their] ownership share of the amount of estimated just compensation deposited by [Plaintiff]." *See* [Civil Action No. 1:17-CV-16, Doc. 355]. The March 3, 2017 order further provided that the defendants

3

"shall be entitled to interest calculated pursuant to 28 U.S.C. § 1961 from and after the date of entry of this Order on the difference between the principal amount deposited with the Court by [Plaintiff] and the amount of just compensation determined by the Court, if such determination of just compensation to be paid exceeds the amount deposited by [Plaintiff]." [Id.].

On March 22, 2018, this Court entered its Order Directing Plaintiff to File Separate Amended Complaints for Unresolved Tracts, Economic Units or Ownership. *See* [Civil Action No. 1:17-CV-16, Doc. 606]. On May 2, 2018, Plaintiff filed its Verified Complaint for Condemnation of Easement(s) Known as Tract No(s). WV-DO-SHC-021.220-ROW and WV-DO-SHC-022.000-ROW [Doc. 1].

The total amount that Plaintiff deposited with the Court, $7,000.00, represented an aggregate estimate of just compensation due to all owners. The aggregate estimate was based on appraisal data and/or offers made to the surface owners and did not include any amount specifically attributable to the interests of owners besides surface owners, such as owners of mineral interests, easement interests, or lien interests. Although owners besides surface owners were named as defendants pursuant to Federal Rule of Civil Procedure 71.1(c)(3), such owners had not alleged any compensable interference with their interests in the subject property; accordingly, none of the estimated deposit amount was specifically attributable to the interests of owners besides the surface owners. The Remaining Defendants[1] are comprised of those owners with an interest in

---

[1] Plaintiff named "all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records, considering both the property's character and value and the interests to be acquired" as defendants pursuant to Federal Rule of Civil Procedure 71.1(c)(3). All defendants besides the Remaining Defendants were previously dismissed from this action.

the coal in-place underlying the subject property ("Coal Owners"),[2] those owners other than Coal Owners with an interest in the subject property, such as mineral interests (including leasehold, mining, or working interests), easement interests, or lien interests ("Other Interest Owners"),[3] and "Unknown Owners."  Pursuant to Federal Rule of Civil Procedure 71.1(c)(3), Rover named the Unknown Owners as defendants out of an abundance of caution.  The identities, interests, and whereabouts of the Unknown Owners remain unknown.

The easements Plaintiff is seeking to condemn and the property upon which the easements are located are more specifically described in Plaintiff's Verified Complaint for Condemnation of Easements and **Exhibit A** thereto [Docs. 1 & 1-1].  As Plaintiff has already taken possession of the easements, the only remaining issue for this Court is that of just compensation to the Remaining Defendants for the subject takings.

On August 17, 2020, this Court entered a Scheduling Order [Doc. 12], which established that Expert Disclosures were due on or before September 15, 2020.  No defendant has disclosed any experts by this deadline, and none has disclosed any evidence regarding the amount of just compensation.  To date, none of the Remaining Defendants has filed a response to Plaintiff's motion for summary judgment.

---

[2] The Coal Owners are Appalachian Royalties, Inc., Russell D. Jones, Co-Trustee of the Russell D. Jones and Nancy J. Jones Revocable Trust, Nancy J. Jones, Co-Trustee of the Russell D. Jones and Nancy J. Jones Revocable Trust, Carl A. Smith, Robert E. Swart, Barbara Hook, Steven L. Swart. Agnes E. Poe a/k/a Agnes Elizabeth Poe, the Heirs, Successors, and Assigns of Martha Bock, and Pamela Hellyer.  The term "Coal Owners" does not include those individuals or entities, if any, who only own coal leasing rights.

[3] The Other Interest Owners are Michael Headley, Sheriff of Doddridge County, West Virginia and John B. McCuskey, West Virginia State Auditor.

### A.     Just Compensation

Just compensation "means the full and perfect equivalent in money of the property taken," which the United States Supreme Court has interpreted as meaning the fair market value of the lands sought to be condemned. *United States v. Miller*, 317 U.S. 369, 373 (1943).  The landowner bears the burden of proving the fair market value at trial. *See U.S. ex rel. and for Use of Tennessee Valley Auth. v. Powelson*, 319 U.S. 266, 273–74 (1943).

In cases such as this, in which the takings are "partial takings," rather than complete takings, "the measure of just compensation is the difference between the fair and reasonable market value of the land immediately before the taking and the fair and reasonable market value of the portion that remains after the taking." *United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 378 (4th Cir. 1995).  This same test applies when the taking is merely an easement. *See United States v. Payne*, 368 F.2d 74,76–77 (4th Cir. 1966).  In order to prevail on summary judgment, therefore, the defendant must, by appropriate admissible evidence, establish the fair market value of his property before and after the takings, and demonstrate that there is no genuine issue of material fact in dispute as to that amount.

On one hand, "[t]o calculate the value of the property actually taken as a result of the permanent easements, the Court must consider not only the market value of the property and the amount of land taken, but also the percentage of the original bundle of ownership rights that the owner retains on the encumbered land." *Portland Natural Gas Transmission Sys. v. 19.2 Acres of Land*, 195 F.Supp.2d 314, 322 (D. Mass. 2002); *see, e.g.*, *United States v. 122.63 Acres of Land*, 526 F.Supp. 539, 542 (D. Mass 1981).

6

On the other hand, "[t]akings of temporary easements are measured differently." *Portland Natural Gas Transmission Sys.*, 195 F.Supp.2d at 322.   For temporary easement condemnations, a landowner "must be compensated for the loss of use of property taken by a temporary easement and any impairment of access to the property during the period of construction." *Id.*

Summary judgment is appropriate only if there is no genuine issue of material fact with regard to the amount of just compensation due to the landowner. *Hardy Storage Co., LLC v. An Easement to Construct, Operate and Maintain 12-Inch and 20-Inch Gas Transmission Pipelines Across Properties in Hardy County, West Virginia, et al.*, 2009 WL 900171 (N.D. W.Va. Mar. 31, 2009) (Keeley, J.).   Furthermore,

> If the condemnor is the only party to admit evidence to the Court of the value of the real property taken, the Court may use that evidence to determine the just compensation of the property and enter default judgment against defendant landowners and award the defendants their just compensation as determined by the condemnor.

*Atlantic Coast Pipeline, LLC v. 1.52 Acres, More or Less, in Nottoway County, Virginia*, 2019 WL 148402, at *7 (E.D. Va. Jan. 9, 2019) (Gibney, J.).  Where a landowner cannot meet its burden of proof with respect to just compensation, a court may award nominal damages. *Columbia Gas Transmission, LLC v. An Easement to Construct, Operate and Maintain a 20-Inch Gas Transmission Pipeline Across Properties in Allegheny County, Pennsylvania*, 2018 WL 348844, at *5 (W.D. Pa. Jan. 10, 2018) (Conti, C.J.).

### 1.    Coal Owners

Although the Coal Owners are entitled to just compensation for the taking, the undisputed expert report submitted by Plaintiff concluded that "any coal underlying the

subject tracts" is "uneconomic and not commercially recoverable." See [Doc. 13-1 at 4]. The undisputed expert report further states that "[a]ny coal underlying the subject tracts has no development potential, and any value attributable to the coal property of the tracts is inappreciable." See [Id.].  The Coal Owners have failed to allege a compensable interference with their coal interests and have failed to offer any admissible evidence in this matter. Moreover, the Coal Owners failed to designate an expert witness to testify to the value of the subsurface properties at issue and have offered no evidence of the amount of just compensation due to them.  All discovery deadlines have passed in this matter and thus, the Coal Owners did not meet their burden of establishing just compensation.  Accordingly, this Court awards $1.00 in nominal damages as just compensation for the subject taking to the Coal Owners, as set forth in "**Exhibit A**" attached hereto.  As the addresses of some Coal Owners are unknown, retention of their pro-rata just compensation awards in the Court's registry until such Coal Owners with unknown addresses seek to withdraw their pro-rata shares is appropriate.

### 2.    *Other Interest Owners and Unknown Owners*

None of the remaining Other Interest Owners and no person or entity purporting to be an Unknown Owner has appeared or otherwise sought to assert any claim related to Plaintiff's taking.  None of the Other Interest Owners or Unknown Owners has proffered any evidence regarding just compensation or alleged any compensable interference with their interests, if any. Accordingly, this Court awards $1.00 in nominal damages as just compensation for the subject taking to the Other Interest Owners and Unknown Owners. As the Other Interest Owners and Unknown Owners have not made any claim regarding the amount of just compensation due for their particular types of interests, or how just

compensation should be allocated among owners with similar types of interests, retention of the $1.00 of nominal damages in the Court's registry until any Other Interest Owner or Unknown Owner seeks to withdraw their proportionate share of the retained funds is appropriate.

### B.  Pre-judgment Interest

This Court has discretion to award pre-judgment interest if such interest is not precluded by statute and when an award of pre-judgment interest will further the congressional policies underlying the relevant statute. *See Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in Marion Cty., W. Virginia*, No. 1:15-CV-106, 2017 WL 1455023, at *1 (N.D. W.Va. Apr. 21, 2017), *aff'd sub nom. Equitrans, L.P. v. Moore*, 725 F. App'x 221 (4th Cir. 2018). Courts in this district have awarded pre-judgment interest in condemnation cases arising under the Natural Gas Act's condemnation provision, 15 U.S.C. § 717f(h). *See id.* However, because Plaintiff's previous just compensation deposit exceeded the amount of just compensation awarded herein and the Remaining Defendants were entitled to withdraw such funds immediately upon their deposit, the Court finds that an award of pre-judgment interest is not appropriate in this case.

### C.  Post-Judgment Interest

The Remaining Defendants are entitled to post-judgment interest from the date of the entry of this order until such time as the just compensation is tendered to the Remaining Defendants. Pursuant to 28 U.S.C. § 1961, the amount of post-judgment interest is the equivalent of the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar

9

week preceding the date of the judgment," which is currently 0.06% per annum. As such, this Court awards post-judgment interest to the Remaining Defendants whose addresses are known and whose just compensation awards will not be retained in the Court's registry.  The post-judgment interest shall be on said Remaining Defendants' pro-rata shares of the just compensation based on their percentage of ownership, as set forth in Exhibit A attached hereto.  Post-judgment interest for those Remaining Defendants whose addresses are known and whose just compensation awards will not be retained in the Court's registry shall include post-judgment interest from the date of entry of this order until May 15, 2021, to allow for processing and mailing of payments to those Remaining Defendants.  For those Remaining Defendants whose addresses are unknown or whose just compensation awards will be retained in the Court's registry, the post-judgment interest is $0.00, as the just compensation has already been paid into the Court's registry and will be available for any such Remaining Defendant immediately upon entry of this Order.

### D.    Payment of Just Compensation to Remaining Defendants and Release of Excess Cash Deposit to Plaintiff

On March 3, 2017, pursuant to the Court's initial order granting immediate access and possession [Civil Action No. 1:17-CV-16, Doc. 355], Plaintiff deposited with the Court $7,000.00 for the easements [Civil Action No. 1:17-CV-16, Doc. 356].  The Court **DIRECTS** the Clerk to transfer $7,000.00 of the funds previously deposited in Civil Action No. 1:17-CV-16 (N.D. W.Va.) to the account for this civil action, after which the total amount of funds deposited in this civil action shall be $7,000.00.

Having concluded that the amount of nominal damages in this matter is $2.00, the Court **ORDERS** that Plaintiff pay the Coal Owners with known addresses the aggregate

amount of $1.05 by May 15, 2021, as set forth in **Exhibit A** to this Order, which includes

post-judgment interest. Further, the Court **ORDERS** that the Clerk of the Court shall retain

in the registry of the Court, from the funds previously deposited by Plaintiff, $1.52 for the

Remaining Defendants, in the amounts set forth in **Exhibit A** to this Order, until any such

Remaining Defendant seeks to withdraw their proportionate share of the retained funds

from the Court's registry.

Consequently, the Court **ORDERS** that $6,998.48 of the $7,000.00 in funds

deposited by Plaintiff shall be deemed to be excess funds, and the Court **DIRECTS** the

Clerk of Court to release and deliver such $6,998.48 of excess funds to Plaintiff.

### CONCLUSION

For the foregoing reasons, this Court:

1.      **GRANTS** Plaintiff's Motion for Summary Judgment as to Just

Compensation Owed to Remaining Defendants [**Doc. 15**];

2.      **GRANTS** and **CONVEYS** to Plaintiff the easements requested and more

fully described in Plaintiffs' Complaint [**Doc. 1**];

3.      **ORDERS** that nominal damages of $1.00 collectively is awarded to the Coal

Owners for their pro-rata shares of the Coal underlying the subject property, as set forth

in **Exhibit A**;

4.      **ORDERS** that nominal damages of $1.00 collectively is awarded to the

Other Interest Owners and Unknown Owners and shall be retained in the Court's registry,

as set forth in **Exhibit A**, until any Other Interest Owner or Unknown Owner seeks to

withdraw his or her share of the retained funds from the Court's registry;

11

5.     **ORDERS** Plaintiff to make payment by mail to those Coal Owners with known addresses in the amounts set forth in **Exhibit A**;

6.     **DIRECTS** the Clerk to retain in the Court's registry $1.52 for the Remaining Defendants from the funds previously deposited by Plaintiff, as set forth in **Exhibit A**, until any of said Remaining Defendants seeks to withdraw his or her share of the retained funds from the Court's registry;

7.     **DIRECTS** the Clerk to provide to Plaintiff a copy of its Judgment in a Civil Action once entered;

8.     **ORDERS** Plaintiff to provide the Clerk's Judgment in a Civil Action to the Coal Owners with known addresses, together with payment of the Coal Owners' pro rata share of the nominal damages award;

9.     **APPROVES** Plaintiff's "Memorandum of Condemnation," a copy of which is attached hereto as "**Exhibit B**," and once it has been executed, **ORDERS** Plaintiff to file said Memorandum of Condemnation, with the exhibits referenced therein, with the Clerk of the County Commission of Doddridge County, West Virginia;

10.     **DIRECTS** the Clerk to transfer $7,000.00 of the funds deposited in Civil Action No. 1:17-CV-16 (N.D. W.Va.) to the account for this civil action.  $7,000.00 is the amount that Rover previously deposited in Civil Action No. 1:17-CV-16 for the easements at issue in this civil action;

11.     Once the Clerk has transferred the $7,000.00 from the account for Civil Action No. 1:17-CV-16 to the account for this civil action, the Court **DIRECTS** the Clerk to pay out to Rover the balance of the excess combined deposits in the amount of

$6,998.48, less costs or expenses, if any, due to the Court or Clerk by virtue of this civil action, by check made payable to "Rover Pipeline LLC," and mailed to:

> Rover Pipeline LLC,
> c/o Lauren A. Williams, Esq.
> Steptoe & Johnson PLLC
> 400 White Oaks Boulevard
> Bridgeport, WV 26330.

12.   **DISMISSES** the Remaining Defendants and Unknown Owners **WITH PREJUDICE**.

This case is now **DISMISSED WITH PREJUDICE** and the Clerk is **DIRECTED** to enter judgment for $2.00 of nominal damages in favor of the Remaining Defendants and Unknown Owners, plus post-judgment interest where applicable, all as set forth in **Exhibit A**, to **STRIKE** this action from the active docket of this Court, and to classify this case as **CLOSED**.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to all counsel of record.

**DATED**: April 16, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**

Submitted and prepared by:

/s/ Lori A. Dawkins
Lori A. Dawkins (WV Bar #6880)
Steptoe & Johnson PLLC
lori.dawkins@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
(303) 389-4300

Lauren A. Williams (WV Bar #11943)
Steptoe & Johnson PLLC
lauren.williams@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
(304) 933-8000

William D. Wilmoth (WV Bar #4075)
Steptoe & Johnson PLLC
william.wilmoth@steptoe-johnson.com
1233 Main Street, Suite 3000
Wheeling, West Virginia 26003
(304) 233-0000

*Counsel for Plaintiff Rover Pipeline LLC*

12561752

**EXHIBIT A**
**1:18-cv-00097**

**(ROVER TRACT NO(S). WV-DO-SHC-021.220-ROW AND WV-DO-SHC-022.000-ROW)**

**Total Just Compensation Award: $2.00 of Damages**

A. **Coal Owners**

| | Remaining Defendants with Coal Interests | Coal Ownership Percentage | Just Compensation to Defendant[1] | Post-Judgment Interest to Defendant | Total Amount to Defendant | Method of Payment to Defendant |
|---|---|---|---|---|---|---|
| 1. | Appalachian Royalties, Inc. | 8.90410959% | $0.21 | $0.01 | $0.22 | Mail |
| 2. | Russell D. Jones and Nancy J. Jones Revocable Trust, c/o Co-Trustees Russell D. Jones and Nancy J. Jones | 8.90410959% | $0.21 | N/A | $0.21 | Registry |
| 3. | Carl A. Smith | 6.42530985% | $0.16 | N/A | $0.16 | Registry |
| 4. | Robert E. Swart | 3.21265492% | $0.08 | $0.01 | $0.09 | Mail |
| 5. | Barbara Hook | 3.21265492% | $0.08 | $0.01 | $0.09 | Mail |
| 6. | Steven L. Swart | 3.21265492% | $0.08 | N/A | $0.08 | Registry |
| 7. | Agnes E. Poe a/k/a Agnes Elizabeth Poe | 1.36986301% | $0.03 | $0.01 | $0.04 | Mail |
| 8. | the Heirs, Successors, and Assigns of Martha Bock | 2.73972603% | $0.07 | N/A | $0.07 | Registry |
| 9. | Pamela Hellyer | 3.21265492% | $0.08 | $0.01 | $0.09 | Mail |

[1] The Coal Owners own only a combined 41.11937377% of the coal interests. Accordingly, their coal ownership percentages must be multiplied by 2.43 to raise their combined ownership to 100% of the just compensation award of $1.00. The amounts shown in the table above were rounded to the nearest $0.01.

B. **Remaining Other Interest Owners and Unknown Owners**

| | Remaining Defendants with Other Interests and Unknown Owners | Ownership Percentage | Just Compensation to Defendant | Post-Judgment Interest to Defendant | Total Amount to Defendant | Method of Payment to Defendant |
|---|---|---|---|---|---|---|
| 1. | Michael Headley, Sheriff of Doddridge County, West Virginia; John B. McCuskey, West Virginia State Auditor; and Unknown Owners | N/A | $1.00 | N/A | $1.00 | Registry |

| | |
|---|---|
| Total amount to be mailed by Plaintiff to Remaining Defendants | $0.53[2] |
| Total amount to remain in Court's Registry for Remaining Defendants | $1.52 |
| Total Amount to be released from Court's Registry to Plaintiff (from funds deposited at Civil Action No.1:17-cv-16, Doc. 356) | $6,998.48 |

12561850

---

[2] This amount will be mailed directly from Plaintiff to those Coal Owners whose addresses are known. Accordingly, this amount is included in the total amount to be released from the Court's Registry to Plaintiff.

# EXHIBIT B

## MEMORANDUM OF CONDEMNATION

This **MEMORANDUM OF CONDEMNATION** (hereinafter "Memorandum") dated the _____ day of _____, 2021 by Rover Pipeline LLC (hereinafter "Rover"), a Delaware limited liability company with a principal place of business at 8111 Westchester Drive, Suite 600, Dallas, Texas 75225, regarding the cases styled as *Rover Pipeline LLC v. Rover Tract No(s). WV-DO-SHB-009.972-TAR-1A, et al.*, Civil Action No. 1:17-CV-16, and *Rover Pipeline LLC v. Rover Tract No(s). WV-DO-SHC-021.220-ROW and WV-DO-SHC-022.000-ROW, et al.*, Civil Action No. 1:18-CV-97, in the United States District Court for the Northern District of West Virginia (both cases are hereinafter collectively referred to as the "Condemnation Proceeding"), for easements across certain real property described as surface tax parcel Nos. 08-08-0035-0000-0000, 08-08-0022-0000-0000, 08-08-0020-0000-0000, and 08-08-0011-0000-0000, composed of 241.73, more or less, located in Doddridge County, West Virginia, and being more particularly described in a deed recorded in Deed Book 274, Page 318, in the Office of the Clerk of the County Commission of Doddridge County, West Virginia (hereinafter "Property"). The Remaining Defendants listed hereinbelow are believed to own certain rights, titles, and interests in the Property at issue in the Condemnation Proceeding.

**WHEREAS,** Rover filed its Complaint on February 3, 2017, styled *Rover Pipeline LLC v. Rover Tract No(s). WV-DO-SHB-009.972-TAR-1A, et al.*, Civil Action No. 1:17-CV-16, in the United States District Court for the Northern District of West Virginia, which was subsequently amended on February 23, 2017 (hereinafter the "Omnibus Action");

**WHEREAS,** pursuant to an order of the Court in Civil Action No. 1:17-CV-16, Docket No. 606, Rover filed its Complaint on May 2, 2018, styled *Rover Pipeline LLC v. Rover Tract No(s). WV-DO-SHC-021.220-ROW and WV-DO-SHC-022.000-ROW, et al.*, Civil Action No. 1:18-CV-97 in the United States District Court for the Northern District of West Virginia (hereinafter the "Tract-Specific Action");

**WHEREAS,** the Verified Complaint for Condemnation of Easement(s) Known as Tract No(s). WV-DO-SHC-021.220-ROW and WV-DO-SHC-022.000-ROW and Exhibit A thereto, copies of which are attached hereto as "Exhibit A," describe and depict the size, location, and nature of the easements on the Property (hereinafter the "Easements");

**WHEREAS,** in the Omnibus Action, the Court entered an order March 3, 2017, granting Rover's motion for partial summary judgment and motion for preliminary injunction and immediate possession of the Easements as shown in the court file for Civil Action No. 1:17-CV-16 as Docket No. 355;

**WHEREAS,** on March 3, 2017, Rover deposited funds with the Clerk of Court as shown in the court file for Civil Action No. 1:17-CV-16 as Docket No. 356;

**WHEREAS,** the Court entered an order in the Tract-Specific Action dated _____ _____, 2021, Docket No. ___, and attached hereto as "Exhibit B" granting Rover's motion for summary judgment as to just compensation owed to the Remaining Defendants, who are

Michael Headley, Sheriff of Doddridge County, West Virginia, John B. McCuskey, West Virginia State Auditor, Appalachian Royalties, Inc., Russell D. Jones and Nancy J. Jones, Co-Trustees of the Russell D. Jones and Nancy J. Jones Revocable Trust, Carl A. Smith, Robert E. Swart, Barbara Hook, Steven L. Swart, Agnes E. Poe a/k/a Agnes Elizabeth Poe, the Heirs, Successors, and Assigns of Martha Bock, Pamela Hellyer, and Unknown Owners for their respective interests in the Easements acquired by Rover as shown in the court files for the Condemnation Proceeding;

**NOW, THEREFORE, WITNESSETH:** That Rover hereby publishes this Memorandum of Condemnation to give notice of the Easements granted and conveyed to Rover pursuant to the Condemnation Proceeding and to establish record title from the named Remaining Defendants listed hereinbelow to Rover in and to the Easements shown on "Exhibit A." Rover hereby acknowledges the accuracy of the foregoing recitals, which are incorporated herein by reference and made a part hereof:

1. **NAMES AND ADDRESS OF PARTIES.** The names of the remaining parties to the Condemnation Proceeding, and their respective last known addresses are as follows:

PLAINTIFF:

1. Rover Pipeline LLC
   8111 Westchester Drive, Suite 600
   Dallas, Texas 75225

REMAINING DEFENDANTS:

1. Michael Headley,
   Sheriff of Doddridge County, West Virginia
   135 Court St.
   West Union, WV 26456

2. John B. McCuskey, West Virginia State Auditor
   1900 Kanawha Blvd. E
   Building 1, Room W-100
   Charleston, WV 25305

3. Appalachian Royalties, Inc.
   c/o E. Jude Gore
   P.O. Box 1917
   Clarksburg, WV 26302-1917

4. Russell D. Jones and Nancy J. Jones, Co-Trustees of the
   Russell D. Jones and Nancy J. Jones Revocable Trust
   Unknown Address

5. Carl A. Smith
   Unknown Address

6.  Robert E. Swart
    994 Harbor View Dr.
    Westerville, OH 43081

7.  Barbara Hook
    16999 Wend Dr.
    Nelsonville, OH 45764

8.  Steven L. Swart
    Unknown Address

9.  Agnes E. Poe a/k/a Agnes Elizabeth Poe
    178 Gilboa Rd.
    Fairmont, WV 26554

10. The Heirs, Successors, and Assigns of Martha Bock
    Unknown Address

11. Pamela Hellyer
    7558 Bay Hill Rd.
    Pickerington, OH 43147

12. Unknown Owners

**2.      DESCRIPTION OF CONDEMNATION, EASEMENTS, AND DURATION OF EASEMENTS.**   The Order granting condemnation attached hereto as Exhibit B conveys all of the Remaining Defendants' rights, titles, and interests in and to the Easements described and depicted on Exhibit A hereto, which is incorporated by reference as if fully set forth herein. The Property upon which the Easements are located is more fully described as follows:

A tract of land containing 77 acres, 6 poles:

Beginning at a hickory, corner to Chapman, N. 15 E. 26 poles to red bud; N. 38 E. 10 poles to a stone; N. 52 E. 14 pole to d stone pile; N. 11 E. 10-3/4 poles to a locust, corner to Nancy Davis; N. 11 W. 54 poles to a stone; N. 53 E. about 10 poles; N. 36 W. 6 poles to a stone; East 30 poles to a stake, corner to Virginia Murdock; N. 14 E. 36 poles to A. W. Smith; N. 3 E. 26-3/4 poles to a stone, corner to A. W. Smith; thence with three lines thereof, N. 37-1/2 W. 74 poles to a B. 0. and stone; N. 14 W. 8.6 poles to a stake; N. 76 W. 48-1/2 poles to a W. 0.; S 48 W. 63 poles to a C. 0. corner to S. S. Spencer and Eli Davis; S. 50-1/2 E. 34 poles to a locust; S. 50 E. 12 poles to a post; N. 56-1/2 W. 20 poles to a stone; S. 4 W. 46 poles to a rock; S. 20 E. 29-1/3 poles to a black walnut; S 30-1/3 E. 22-3/4 poles to a stone; S. 10 W. 32 poles to a stake; S. 76 W. 10 poles

to a stone; thence 51-1/2 E. 49 poles to the beginning, containing 77 acres and 6 poles, more or less.

A tract of land containing 36 and 88/160 acres:

Beginning at a stone in a line of Ezekiel Davis, and running thence N. 23 E. 70.6 poles to a stone in a line of Jacob Swentzel; thence with two of Swentzel's lines S. 50 E. 33 poles to a sassafras with hickory sapling pointer; thence S. 37 E. 33.7 poles to a hickory in said Swentzel's line with C. 0. pointers, a corner to lands formerly owned by C. A. Shuman; thence with six of his lines S. 40 W. 58 poles crossing run to a stone S. 38 1/2 E. 12 poles to a locust; S. 7 1/4 W. 16.9 poles to a black walnut; S. 4 3/4 W. 20 poles to a forked lynn; S. 7 1/ 4 W. 16.4 poles to a post on a ridge; S. 56 3/4 E. 13.7 poles to a post in a line of Johnson Smith; thence with a line of same S. 39 1/ 2 W. 13 poles to a chestnut oak; thence N. 38 W. 52 1/ 2 poles stone to a stone in place of a red oak stump with small ash pointers; N. 1 E. 6 'A poles to a W.O. stump; thence S. 74 W. 3 poles to a stone, a corner to Ezekiel Davis; thence with three of his lines N. 2 1/ 2 E. 58 poles crossing a run to a stone; thence N. 70 W. 4'/ poles to a stone; N. 77 W. 4 poles to the beginning, containing thirty-six and 88/160 (36 88/160) acres, more or less.

A tract of land containing 41 and 60/160 acres:

Beginning at a white oak with white pointers on a ridge, a corner to lands of Johnson Williams, and running thence N. 37 W. 43 poles to a hickory, a corner to C. L. Shuman; thence with six of his lines S. 40 W. 58 poles crossing a run to a stone; thence S. 38 1/ 2 E. 12 poles to a locust; S. 7 1/ 4 W. 16.9 poles to a black walnut; S. 4'/ W. 20 poles to a double lynn; S. 7 1/ 2 W. 16.4 poles to a post on a ridge; S. 56 1/ 4 E. 13.7 poles to a post in a line of Johnson Smith; thence with six of his lines N. 39 1/ 2 E. 21.2 poles to a white oak stump; S 50 1/ 2 E. 18.2 poles to a stone pile; N. 80 E. 24 poles to a stone on a knob; N. 39 1/ 2 E. 18-1/3 poles to a hickory; N. 42 E. 7 1/ 4 poles to a chestnut oak stump with a C.O. pointer; N. 61 1/ 2 E. 26 1/ 4 poles to a chestnut oak on a ridge, a corner to lands of P.B. McClain; thence with two of his lines N. 6 W. 35 1/ 2 poles to a chestnut oak pointer; N. 53 W. 34 1/ 4 poles to a locust; a corner to Johnson Williams; thence N. 82 1/ 4 W. 29 'A poles to the beginning, containing forty-one and 60/160 (41 60/160) acres, more or less.

A tract of land containing 28 acres:

Beginning at a stone with red oak pointer, in a line of E. B. Davis and a corner to lands of W. S. Russell and running thence with three of said Russell's lines N. 24 W. 47.3 poles to a stone; thence N. 44

¾ W. 9.4 poles to a white oak on a ridge; thence N. 45 3/ 4 E. 48.6 poles to a chestnut oak; thence N. 71 ¾ E. 6.95 poles to a stone bn a knob, a corner to the Lavina Swiger 5 3A acre tract; thence with a line of Edgar Davisson S. 70 E. 43 1/ 2 poles to a chestnut oak snag; thence S. 50 E. 1 pole to a stone with C.O. pointers, a corner to C. L. Shuman; thence with his line S. 23 W. 70.6 poles to a stone; thence N. 77 W. 10 poles to a stone, a corner to lands of E. B. Davis; thence with his line S. 75 W. 23.4 poles to the beginning, containing twenty-eight (28) acres, more or less.

A tract of land containing 32 acres:

Beginning at a stone in the county road leading up Pock Run, a corner to lands of Rebecca Toothman, and running thence, down the road near the center thereof S. 8° E. 30 poles to a stone; S. 18° E. 16 poles to a stone in road, corner to the Ezekiel Davis tract of land; thence with three lines of the same, N. 1/ 4 ° E. 25 poles to a stone; S. 84° E. 9.3 poles to a red oak; thence S. 83 1/ 2° E. 65-2/3 poles to a black oak; thence N. 75° E. 14 poles to a stone; thence S. 24° W. 47.3 poles to a stone; N. 443/ 4° W. 9.4 poles to a W.O. on the point; thence N. 453/ 4° W. 9.4 poles to a W.O. on the point; thence N. 45 3/4° E. 48.6 poles to an A.O. corner to lands of William Vincent; thence N. 5534° W. 13.7 poles to a C.O. bush, corner of lands of Rebecca J. Toothman; thence with eight lines of same S. 401/ 4° W. 20.4 poles to a small hickory bush, with sassafras pointers, thence N. 40 1/ 4° W. 7.3 poles to a stone; S. 66° W. 18 poles to a stone, 9 feet west of a spring; S. 60° W. 20 Poles to a stone; S. 47 1/ 2° W. 16 poles to a stone; S. 29° W. 15 poles to a sycamore; and thence N: 891/ 2° W. 12 poles to the beginning, containing 32 acres of land, more or less.

A tract of land containing 26 ¼ acres:

Beginning at a sycamore standing on the west side of old county road and a corner to W. S. Russell. and running thence N. 98 1/2° W. 12 poles crossing a branch of Rock Run, to a stone in county road; thence up the said road, N. 13° W. 20.6 poles to a stone in road; thence N. 44° E. 8 poles in road; N. 35° E. 30 poles in road; N. 18 3/ 4° W. 8 poles in road; thence N. 7 1/ 2° W. 18 poles in road; N. 25° W. 6 poles in road; N. 44° E. 6 poles in road; N. 73° E. 4 poles in road; N. 59 1/ 2° E. 6 poles in road; N. 88 1/2° E: 7 poles in road; S. 631/ 2° E. 13 poles in road; N. 82° E. 5 poles in road; N. 61° E. 9 poles in road; N. 70 1/2° E . 19 poles in road; thence leaving the county road and running with the old county road S. 30°.E. 8 poles in road; S. 59° E. 10 poles in road; S. 37 1/ 2° E. 8 poles in road; S. 5° E. 6 poles in road; S. 331/ 4° W. 8 poles to a stone on east side of road; S. 55 3/ 4° E. 4.3 poles to a chestnut oak bush;

thence S. 40Y2° W. 22.4 poles to a small hickory bush, with sassafras pointer; thence N. 41 1/2° W. 7.3 poles to a stone; thence N. 61 3/4° W. 15 poles to a stone; S. 66° W. 18 poles to a stone, nine feet west of a spring; S. 60° W. 20 poles to .a stone; S. 47 1/2° N. 16 poles to a stone; thence S. 29° W. 15 poles to the beginning, containing 27 acres, reserving however, from this boundary, a small lot of about 3/4 acre heretofore conveyed to Milo Kimball by deed dated October 30, 1920, and of record in the Office of the Clerk of the County Commission of Doddridge County, West Virginia, in Deed Book No. 76, at page 214, leaving of said tract of 27 acres, 26 1/4 acres hereby conveyed.

Said descriptions being contained in that certain deed recorded in Deed Book 274, Page 318 in the Office of the Clerk of the County Commission of Doddridge County, West Virginia.

3.    **PUBLIC NOTICE.**  This Memorandum shall provide public notice of the rights, titles, and interests in and to the Easements shown on Exhibit A hereto as acquired from the Remaining Defendants listed herein by Rover pursuant to the Condemnation Proceeding, and it shall not enlarge, diminish, modify, or abridge the terms and conditions set forth in the Condemnation Proceeding.

**THIS MEMORANDUM OF CONDEMNATION IS NOT A COMPLETE SUMMARY OF THE CONDEMNATION PROCEEDING. IN THE EVENT OF A CONFLICT BETWEEN THE TERMS OF THIS MEMORANDUM OF CONDEMNATION AND THE CONDEMNATION PROCEEDING, THE TERMS AND PROVISIONS OF THE CONDEMNATION PROCEEDING SHALL CONTROL.**

IN WITNESS WHEREOF, Rover has executed this **Memorandum of Condemnation** as of the date of the respective acknowledgement below.

*[Signature and acknowledgment page follows]*

**ROVER PIPELINE LLC**

By: _____

Name: _____

Its: _____


## **ACKNOWLEDGMENT**

STATE/COMMONWEALTH OF _____
COUNTY OF _____

On this, the _____ day of _____, 2021, before me, the undersigned officer, personally appeared _____ who acknowledged himself/herself to be the _____ of **ROVER PIPELINE LLC**, a Delaware limited liability company, and that being authorized to do so, executed this instrument for the purposes therein contained by signing the name of the company by himself/herself as said officer.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission expires: _____.


(NOTARIAL SEAL)                              _____
                                              NOTARY PUBLIC


**This instrument was drafted by the following attorney; when recorded, please return to:**
Lauren A. Williams, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330

12563165